

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANA HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 3255 |
| | ) | |
| v. | ) | Judge Filip |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The City of Chicago has moved to bar testimony of eight witnesses whom it contends were not disclosed until after the recent close of discovery. The motion was heard this morning. In questioning counsel for the City, she said that she had discussed the motion with the plaintiff's lawyer, who accused her of being a "liar," because the names had been seasonably disclosed – which she denies. He said he would "see her in court." However, the plaintiff's lawyer did not appear and never called chambers to say why. I granted the City's motion.

The importance of compliance with discovery deadlines cannot be too strongly emphasized. Noncompliance with discovery deadlines is contrary to the modern theory of discovery, which takes as its basic postulate the principle that timely and complete disclosure of relevant information is the surest guarantee that the fact-finder will have available the information necessary to decide the case on the merits. Nondisclosure of potential witnesses (i.e., those with knowledge of relevant facts) poses special and obvious threats to the integrity of the fact-finding process and is contrary to the Federal Rules of Civil Procedure's rejection of the common law's sporting theory of justice. *See Fast Food Gourmet v. Little Lady Foods, Inc.,* 2007 WL 2156665 at *11 (N.D.Ill. 2007)(collecting

cases). The issue is discussed and the authorities are collected in, among others cases, *Fast Food Gourmet v. Little Lady Foods, Inc.*, 2007 WL 1673563 at *2 (N.D.Ill. 2007); *Federated Dept. Stores, Inc. v. M.J. Clark, Inc.*, 2007 WL 489487 at *1 (N.D.Ill. 2007); *In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527, 533 (N.D.Ill. 2006); *Finwall v. City of Chicago*, 2006 WL 1491316 (N.D.Ill. 2006); *Grant v. Chemrex, Inc.*, 1997 WL 223071 at * 6-7 (N.D.Ill. 1997). The principles are well-established and are familiar to anyone who practices in the federal courts.

The plaintiff's lawyer has offered no excuse for his untimely disclosure of a substantial number of apparently significant witnesses. Indeed, he has not bothered even to appear on the City's motion. That insouciance is troubling, to say the least, and is certainly not a basis for exercising discretion in the plaintiff's favor. Rule 37(c) permits a district court to bar evidence at trial where a party fails timely to disclose information without substantial justification. The Rule ultimately finds support in Dewey's insight that: "Liability is the beginning of responsibility. The individual is held accountable for what he has done in order that he may be responsive in what he is going to do." Only thus do people gradually "learn by dramatic imitation to hold themselves accountable, and liability becomes a voluntary deliberate acknowledgment that deeds are our own, that their consequences from us." John Dewey, *Morals and Conduct,* in Man and Man: The Social Philosophers, 484-485 (J. Cummins and R. Linscott Ed.1954). By providing a meaningful sanction where a party has chosen not to disclose significant evidence, Rule 37 seeks to deter conduct that is inimical to the truth-seeking process. It is no answer to say that the misconduct or lack of diligence by a lawyer ought not enure to the detriment of the client. That concept has been rejected time and again. *See, e.g., Farzana K. v. Indiana Dept. of Education*, 473 F.3d 703 (7th Cir. 2007)(Easterbrook, C.J.); *United States v. Babul*, 476 F.3d 498 (7th Cir. 2007)(Easterbrook, C.J.); *Cannon-Stokes v.*

*Potter*, 453 F.3d 446 (7th Cir. 2006)(Easterbrook, J.).

Just as [p]laintiffs who attempt to deceive federal judges ... cannot expect favorable treatment on matters of discretion," *Campbell v. Clarke*, 481 F.3d 967 (7th Cir.2007), neither can plaintiffs who blithely ignore their discovery obligations and seek to impose their own timetables for compliance with Rule 26. "Lawyers and litigants who decide to play by rules of their own invention will find that the game cannot be won." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994). *See also Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 742-743 (7th Cir. 1998).

The City's Motion to Bar [108] is granted.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 10/15/07